IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RAY SHOEMAKER                                                    PLAINTIFF


vs.                                          CIVIL ACTION NO. 3:07CV107-M-A


BATESVILLE HOSPITAL MANAGEMENT,
INC., PHYSICIANS AND SURGEONS,
LLC, PHYSICIANS AND SURGEONS
HOSPITAL GROUP d/b/a Tri Lakes
Medical Center, EMERGENT HEALTH,
INC., EMERGENT HOSIPTAL SYSTEMS,
LLC, HEALTH CARE ENGINEERS,
L.L.C, UNITED HEALTHCARE and
HOSPICE, INC. f/k/a Affiliated
University Emergency Physicians,
P.A., DR. ROBERT S. CORKERN, MISSY
HUTTO CORKERN, and ELAINE ELLETT                        DEFENDANTS


**ORDER**

On November 30, 2007, this court issued an order, on its own motion, giving

defendants ten days to show cause why this court should not abstain from hearing this

case. In this order, the court noted its concerns regarding whether it should exercise

bankruptcy jurisdiction over this case:

> It seems clear from the removal petition this court has "related to"
> bankruptcy jurisdiction over this case, on the basis of the Chapter 11
> bankruptcy petition filed by one of the defendants, Physicians and
> Surgeons Hospital Group. Other than the mere fact of this bankruptcy
> filing, however, it appears that this case involves no bankruptcy or federal
> law issues whatsoever. Rather, it appears that this case involves a rather
> garden-variety tort and contract action based solely on state law which
> does not appear to constitute a "core proceeding" within the meaning of
> 28 U.S.C. § 1334(c)(2).
> Section 1334(c)(2) requires this court to abstain from hearing cases
> based on "related to" bankruptcy jurisdiction where:

1. A motion has been timely filed requesting abstention.
2. The cause of action is essentially one that is premised on state law.
3. The proceeding is non-core or related to the bankruptcy case.
4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.
5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*See also Blakeley v. United Cable System*, 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001).

Thus, in cases where a timely motion for abstention has been filed, the law gives this court no choice but to abstain from hearing non-core cases premised on state law which could not have been commenced in federal court absent the existence of the bankruptcy case, so long as the case can be timely adjudicated in state court. It appears that plaintiff's motion to remand would meet the requirement of a "motion timely filed requesting abstention" since the effect of orders abstaining and remanding are the same in this context. Plaintiff appears to have a less than complete understanding of the rather complex jurisdictional scheme which applies in bankruptcy cases, but, to reiterate, this court is required to raise jurisdictional issues on its own motion if necessary.

Even if mandatory abstention were somehow inapplicable in this case, it appears that this court has discretion to abstain from hearing this case under 28 U.S.C. § 1334(c)(1). Because the doctrines of discretionary abstention and equitable remand are very similar, they require the court to consider many of the same factors. *See Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186, 194 (S.D. Miss. 2002). These factors include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
(2) extent to which state law issues predominate over bankruptcy issues;
(3) difficult or unsettled nature of applicable law;
(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
(5) jurisdictional basis, if any, other than § 1334(c);
(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7) the substance rather than the form of an asserted core proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the ...court's docket;
(10) the likelihood that the commencement of the
proceeding in the [district] court involves forum shopping
by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of non-debtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the
action.
*Id.*   It appears that these factors strongly support abstention in this case.

Slip. op. at 1-3.

Following the issuance of this order, defendants submitted arguments as to why

the court should, in fact, exercise bankruptcy jurisdiction over this case.  Many of

defendants' arguments seek to establish that this case is a core proceeding, on the basis of

an indemnity agreement among the parties.  The court remains highly skeptical that this

garden-variety tort action should be considered a core proceeding.  Regardless, the fact

remains that the core or non-core status of this case is only dispositive in the mandatory

abstention context, and nothing in defendants' submission serves to alter this court's

view that discretionary abstention is proper in this case.  As explained by the court in its

November 30 order:

> [T]his case involves solely state law claims as to which no
> arguable jurisdictional basis exists, other than 1334(c), and this case's
> connection to any bankruptcy issues is slight.  Considerations of comity
> also support abstention, as do concerns regarding the federal courts'
> overburdened dockets.  The court also has concerns regarding the forum
> shopping which would likely result if district courts permitted removals
> based solely on a bankruptcy filing by a party.
>     It should also be noted that, particularly in recent years, the general
> practice among Mississippi district courts has been to abstain from
> hearing state law actions in which the sole asserted basis for exercising
> bankruptcy jurisdiction has been the bankruptcy filing of one or more of
> the parties.  While the mere presence of bankruptcy plaintiffs or
> defendants is generally sufficient to give rise to "related to" bankruptcy
> jurisdiction, district courts throughout this state have recognized that the

process of removing cases solely on the basis of the presence of bankruptcy parties raises a number of problematic issues. District courts have recognized that, in the vast majority of cases involving bankruptcy parties, the issues before the court merely require the valuation of state law claims based on state law and that state courts are in a much better position to perform this function than federal courts, which have less expertise in these state law areas and which have no shortage of cases on their own dockets. . . .

This case involves a bankruptcy *defendant*, rather than plaintiff, but it is not clear to this court why the concerns expressed above would not apply equally in this case. Indeed, it is a very common occurrence for defendants to file for bankruptcy after being sued, and the court is unaware of any general practice by which lawsuits are removed and tried in bankruptcy court after a defendant does so. This court's inclination is to conclude that any bankruptcy implications arising from the Chapter 11 filing of one of the defendants herein can be adequately addressed by the application of the automatic stay, *see* 11 U.S.C. § 362, and/or by securing any necessary orders enforcing bankruptcy laws directly from the state court and/or the bankruptcy court. The Circuit Court of Grenada County would appear to have much greater experience than federal courts in trying the state law claims in this case, and it is not at all clear to this court why trying this lawsuit in bankruptcy court is necessary to protect the interests of any party arising from federal bankruptcy law.

Slip op. at 3-4. While defendants have made diligent efforts to persuade the court otherwise, the court remains of the view that discretionary abstention is warranted in this case, for the reasons cited above. Plaintiff's motion to remand [17-1] is therefore due to be granted.

In light of the foregoing, it is ordered that this case is remanded to the Circuit Court of Grenada County.

SO ORDERED, this the 31st day of January, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**